NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5006

PAULA JOHNSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-663,
Judge Lynn J. Bush

ON MOTION

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

PER CURIAM

## O R D E R

The United States responds to the court's order concerning whether this court has jurisdiction over Paula Johnson's appeal. Johnson has not responded. Separately, Johnson moves for leave to proceed in forma pauperis.

Johnson filed a notice of appeal seeking review of the United States Court of Federal Claims' order that transferred her case to the United States District Court for the Southern District of Illinois. Johnson sought damages due to asserted misconduct of the United States Marshals Service. The Court of Federal Claims held that it did not have jurisdiction over the complaint and transferred the action to the district court pursuant to 28 U.S.C. § 1631. Because Johnson failed to pay the docketing fee, this court dismissed the appeal for failure to pay the fee. Johnson has now filed a motion for

leave to proceed in forma pauperis, which we grant. Thus, we reinstate her appeal for purposes of determining whether the appeal should be dismissed for lack of jurisdiction or whether the appeal should be treated as a petition for a writ of mandamus.

The United States argues that this court does not have jurisdiction over Johnson's appeal because it is not an appeal of a final judgment pursuant to 28 U.S.C. § 1291, an appeal of a district court order transferring a case to the Court of Federal Claims (see 28 U.S.C. § 1292(d)(4)(A)), or an appeal of a collateral order that meets the criteria of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). We agree that this is not an appeal of a final judgment and that it is not expressly covered by section 1292(d)(4)(A), which allows an appeal to this court of a district court's order transferring a case to the Court of Federal Claims. Concerning whether the appeal is permitted by Cohen, for an order to be appealable pursuant to that case, the order (1) must conclusively determine the disputed question, (2) must resolve an important issue completely separate from the merits of the action, and (3) must be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978). The jurisdictional issue, whether the Court of Federal Claims or the district court might have jurisdiction over Johnson's complaint, could be effectively reviewed upon any appeal from a final judgment. Thus, if the district court denies relief on Johnson's complaint or otherwise dismisses the case and enters a final judgment, then Johnson can appeal that final judgment. The court of appeals can review the jurisdictional issue at that time, and thus immediate review of the transfer order is not warranted in the circumstances of this case. Thus, we must dismiss this appeal for lack of jurisdiction.

In the alternative, we treat Johnson's appeal as a petition for a writ of mandamus to vacate the transfer order. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Johnson has not shown a colorable basis for jurisdiction of this subject matter in the Court of Federal Claims; we conclude that the court did not abuse its discretion in transferring the case to the district court. Thus, to the extent that we treat this appeal as a mandamus petition, the petition is denied.

Accordingly,

IT IS ORDERED THAT:

(1)    Johnson's motion for leave to proceed in forma pauperis is granted, the mandate is recalled, the court's previous order dismissing the appeal for failure to pay the docketing fee is vacated, and the appeal is reinstated.

(2)    The appeal is dismissed for lack of jurisdiction.

(3)    Mandamus relief is denied.

(4)    Each side shall bear its own costs.

FOR THE COURT

MAY 2 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Paula Johnson
       Scott A. MacGriff, Esq.
s8

2009-5006                    3

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 27 2009

JAN HORBALY
CLERK